# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HYUNDAI MOTOR AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>KNIGHT MOTORS, LP, *et al.*<br><br>        Defendants. | 2:19-cv-01312-NR |

## **MEMORANDUM OPINION**

**J. Nicholas Ranjan, United States District Judge**

    Defendants removed this case to federal court on October 11, 2019. [ECF 1]. In their notice of removal, Defendants alleged that the Court had subject matter jurisdiction under 28 U.S.C. § 1332, "in that [the case] arises under diversity jurisdiction and the amount in controversy exceeds $75,000.00." [ECF 1 at ¶ 13]. Defendants also made passing citation to 28 U.S.C. § 1331, the statute governing "federal question" jurisdiction, as a basis for removal. But Defendants did not point to any federal claim in Hyundai's complaint (there were none) or otherwise identify any factual predicate for removing under Section 1331.

    On October 15, 2019, the Court directed Defendants to show cause why the Court should not remand this case to state court under 28 U.S.C. § 1441(b)(2). [ECF 7]. The so-called "forum defendant rule" established by that statute provides that an action "may not be removed" based on diversity jurisdiction if any defendant is "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Defendants are, by their own admission, citizens of Pennsylvania—the state in which Hyundai filed this case.

    Shortly after the Court issued its show cause order, Hyundai moved to remand this case on the same basis. [ECF 8; ECF 9]. Defendants responded on October 18, 2019, [ECF 14], Hyundai replied on October 21, 2019, [ECF 15], and Defendants sur-replied on October 22, 2019 [ECF 16-1]. Now, for the following reasons, the Court will grant Hyundai's motion and remand this case to state court.

## I.    **Discussion & Analysis**

    Federal district courts are courts of limited jurisdiction. They "may not exercise jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). What's more, "removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Manning v. Merill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014). And a defendant who removes a case "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." *Id.* That said, the Court

1

must be cautions when deciding to remand a case, "lest it erroneously deprive a defendant of the right to a federal forum." *Hunter v. Greenwood Tr. Co.*, 856 F. Supp. 207, 211 (D.N.J. 1992).

Remand to state court is "required" if, at any time before final judgment, "it appears that the district court lacks subject matter jurisdiction." *Hoffman v. Nutraceutical Corp.*, 563 Fed. Appx. 183, 185 (3d Cir. 2014); *see Stewart v. Lewis*, No. 2:19-CV-00847, 2019 WL 4267387, at *2 (W.D. Pa. Sept. 10, 2019). Separately, a plaintiff may also move to remand an action to state court "if removal was 'procedurally defective.'" *Parker Hannifin Corp. v. Fed. Ins. Co.*, 23 F. Supp. 3d 588, 590 (W.D. Pa. 2014). A motion to remand based on procedural, rather than jurisdictional, defects must be filed "within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

In 28 U.S.C. § 1331 and 28 U.S.C. § 1332, Congress granted federal courts original jurisdiction over two types of cases relevant here. Section 1331 empowers federal courts to hear cases "arising under" federal law. This is known as "federal-question jurisdiction." *Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746. Section 1332 empowers federal courts to hear cases between "citizens of different States," so long as the amount in controversy exceeds $75,000.00. This is known as "diversity jurisdiction." *Id.* "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Id.*

When a case that would be within the federal courts' original jurisdiction is filed in state court, a defendant may remove that case to federal court. 28 U.S.C. § 1441(a). "In removed cases, a federal court may only exercise jurisdiction on a basis which the removing party has alleged in its notice of removal." *Jessup v. Cont'l Motors, Inc.*, No. 12-CV-4439, 2013 WL 309895, at *3 (E.D. Pa. Jan. 24, 2013); *see* 14C Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 3733 (4th ed. 2012) ("In most circumstances ... defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proferred basis of removal."). "This rule accords with the fundamental principle that the party seeking to establish federal jurisdiction bears the burden to do so." *Jessup*, No. 12-CV-4439, 2013 WL 309895, at *3.

Defendants' notice of removal articulated one basis for the Court to exercise jurisdiction over this case: diversity. In describing why removal was proper, Defendants stated only that the case was "one which may be removed to this Court … *in that it arises under diversity jurisdiction and the amount in controversy exceeds $75,000.00.*" [ECF 1 at ¶ 13] (emphasis added). The civil cover sheet accompanying Defendants' filing identified "diversity" as the sole "basis of jurisdiction." [ECF 1-1]. Defendants' later-filed, 187-paragraph counterclaims also identified diversity, and not federal question jurisdiction, as the basis for proceeding in this Court. [ECF 5 at p. 14, ¶ 5].

That said, the Court acknowledges that Defendants passingly cite Section 1331 in their notice of removal, albeit without any factual enhancement. *See* [ECF 1] ("This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1332, and is one which may be removed to this Court … in that it arises under diversity jurisdiction[.]"). And Defendants now say that their

2

omission of federal question jurisdiction from both their cover sheet and counterclaims was "inadvertent." *See* [ECF 14 at ¶ 8] ("However, Defendants admit that their Civil Cover Sheet inadvertently only identified diversity as the basis of jurisdiction."); [*Id.* at ¶ 9] ("[I]t appears that Paragraph 5 of Defendants' counterclaims is equally deficient as it also only identifies Section 1332 as the basis of this Court's jurisdiction[.] … [T]he paragraph should have correctly stated that jurisdiction over the counterclaims was proper pursuant to both Section 1331 and 1332.").

For purposes of this motion, the Court will accept Defendants' representations and consider whether it may exercise either diversity jurisdiction or federal question jurisdiction over this case. The answer to both questions is no.

### A. The Court does not have diversity jurisdiction over Hyundai's claims, because Defendants are citizens of Pennsylvania.

First, diversity jurisdiction does not exist here. 28 U.S.C. § 1332. "[J]urisdiction based on diversity of citizenship requires that opposing parties be citizens of diverse states." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

"The key inquiry in establishing diversity is thus the 'citizenship' of each party to the action." *Id.* And the rules governing citizenship are well known: "A natural person is deemed to be a citizen of the state where he is domiciled." *Id.* "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* "And a partnership, as an unincorporated entity, takes on the citizenship of each of its partners." *Id.*

Defendants have alleged that they are all citizens of Pennsylvania, while Hyundai is a citizen of California. [ECF 1 at ¶¶ 9-12]. Thus, the opposing parties appear to be "citizens of diverse states." *GBForefront, L.P.*, 888 F.3d at 34.

In Section 1441(b)(2), however, Congress created an exception to the removal statute, barring removal of cases based on diversity if any defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is often called the "forum defendant rule." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018). Thus, diversity jurisdiction in a removal case is "narrower than if the case was originally filed in federal court by the plaintiff." *Id.* The rule reflects the fact "that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of bias is reduced, if not eliminated." *Stunteback v. Janssen Research & Dev., LLC*, No. CIV.A. 14-1097, 2014 WL 2572784, at *2 (E.D. Pa. June 6, 2014); *see Ditech Fin. LLC v. Smith*, No. 3:16-CV-243, 2017 WL 4685186, at *1 (W.D. Pa. Oct. 17, 2017).

"A removal is procedurally defective if it violates the 'forum defendant rule.'" *Parker Hannifin Corp.*, 23 F. Supp. 3d at 591. Defendants' removal of this case does. Indeed, Defendants acknowledge that they are citizens of Pennsylvania, [ECF 1 at ¶¶ 10-12], and there is no dispute that Pennsylvania is the state in which Hyundai filed this case. [ECF 1-2]. Defendants

3

make no real argument to the contrary, and instead devote the entirety of their response and sur-reply to arguing that federal question jurisdiction exists.

Thus, because Hyundai has timely moved for remand under the forum defendant rule, the Court cannot exercise diversity jurisdiction over this case.[1] *See, e.g., Ditech Fin. LLC,* No. 3:16-CV-243, 2017 WL 4685186, at *2 (remanding case in which removal was prohibited by the forum defendant rule); *Target Corp. v. Frederick Mut. Ins. Co.*, 302 F. Supp. 3d 695, 700 (E.D. Pa. 2018) (same); *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 524 (E.D. Pa. 2013) (same); *Dietz v. Avco Corp.*, 168 F. Supp. 3d 747, 759 (E.D. Pa. 2016) (same).

### B. The Court does not have federal question jurisdiction over Hyundai's claims, because Defendants' counterclaims cannot support removal.

Defendants alternatively contend—and devote their entire response and sur-reply to arguing—that the Court has federal question jurisdiction under 28 U.S.C. § 1331. This is incorrect.

To begin with, none of the facts that Defendants rely on to support federal question jurisdiction appear in Defendants' notice of removal. Based on that alone, remand is necessary. *See MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 412 (3d Cir. 2015) ("[A] defendant may not rely on an entirely new basis for jurisdiction not set forth in the removal petition."). But, in any event, the Court will consider the arguments raised in Defendants' briefing out of an abundance of caution.

Defendants' main argument seems to be that federal question jurisdiction could exist based on their counterclaims, filed *after* removal, which include one claim for a purported violation of a federal statute, 49 U.S.C. § 30116. [ECF 5 at Count IX ¶¶ 174-88]. Defendants admit that their counterclaims were "deficient" as pled, in that they "only identified [diversity] as the basis of this Court's jurisdiction." [ECF 14 at ¶ 9]. But Defendants ask the Court to allow them to "amend their pleading from 'Counterclaims' to an 'Amended Complaint' and also amend the basis of jurisdiction in order to confirm that this Court will have [federal question jurisdiction] over all of Defendants' [counterclaims]." [*Id.* at ¶ 17].

All of this is beside the point. "[I]f a plaintiff's complaint raises only state law claims, a defendant's federal counterclaims cannot confer subject matter jurisdiction upon the federal court." *Van Scyoc v. Equitrans, L.P.*, 255 F. Supp. 3d 636, 644 (W.D. Pa. 2015); *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("It follows that a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiffs complaint-cannot serve as the basis for 'arising under' jurisdiction.").

---

[1] The Court notes that the forum defendant rule is procedural rather than jurisdictional, except where 'the case could not initially have been filed in federal court.'" *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018). Thus, the rule is waived if not raised in a motion to remand within 30 days after filing the notice of removal. *See Korea Exch. Bank, New York Branch v. Trackwise Sales Corp.,* 66 F.3d 46, 51 (3d Cir. 1995). In its show cause order, the Court asked Hyundai whether it would agree to waive the procedural defect and proceed in this Court. [ECF 7]. Hyundai declined, and filed a timely motion to remand. [ECF 8; ECF 9]. Accordingly, Hyundai's objections based on the forum defendant rule have been adequately preserved and presented to the Court.

4

This is because "a cause of action 'arises under' federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995); *Gallenthin Realty Dev., Inc. v. BP Prod. of N. Am.*, 163 F. App'x 146, 150 (3d Cir. 2006); *Barone v. Pub. Serv. Elec. & Gas Co.*, No. 18-CV-16569-KM-JBC, 2019 WL 3297230, at *4 (D.N.J. July 22, 2019) ("[A] plaintiff is ordinarily entitled to remain in state court so long as its complaint does not allege a federal claim on its face.").

Defendants also filed their answer and counterclaims *after* removal. But "[r]emovability is determined from a plaintiff's pleadings at the time of removal." *Phillips v. Selig*, 157 F. Supp. 2d 419, 424–25 (E.D. Pa. 2001). Defendants' counterclaims and supporting allegations did not exist at the time of removal. As a result, even if counterclaims could ever support removal (and they cannot), *these* counterclaims would not.

Defendants' sur-reply makes two additional arguments for federal question jurisdiction, neither of which is persuasive. First, Defendants seem to suggest that jurisdiction exists because Hyundai asserted two federal RICO claims in an earlier complaint against Defendants—a complaint that Hyundai voluntarily dismissed. After dismissing its original complaint, Hyundai filed its currently operative complaint in state court. And that complaint features only state law claims. [ECF 1-2].

Defendants argue that this maneuver shows that "Hyundai has simply attempted to drop its federal claims to avoid this court's jurisdiction." [ECF 16-1 at p. 1]. But even assuming Hyundai dropped its federal claims to avoid removal, that would not be improper.

A plaintiff is "the master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Barone*, No. 18-CV-16569-KM-JBC, 2019 WL 3297230, at *4 ("A party bringing a claim is 'the master of the claim,' and as the master of the claim, a plaintiff 'may avoid federal jurisdiction by exclusive reliance on state law.'"); *Rehman v. Basic Moving*, No. CIV.A. 09-248, 2009 WL 1392149, at *3 (W.D. Pa. May 15, 2009) ("The well-pleaded complaint rule makes the plaintiff the 'master of the claim,' meaning that he or she may avoid federal jurisdiction by forgoing federal causes of action and basing the claim on only state law.") (internal quotation marks omitted).

As a result, "the mere effort to draw one's claims in a way that encompasses only an arena of state law is a legitimate maneuver[.]" *Marinkovic v. Mercer Cty. Tax Claim Bureau*, No. 2:16-CV-292, 2017 WL 1134566, at *8 (W.D. Pa. Mar. 27, 2017). Likewise, "deleting a federal claim in order to gain a remand to state court is not a form of manipulation that precludes an order of remand." *Id.*

It is true that "[a] district court can examine whether the plaintiff has engaged in manipulative tactics in deciding whether to remand a case." *Id.* It is also true that, in some circumstances, a plaintiff may not amend its complaint or take other action after removal to deprive the Court of jurisdiction and secure remand. *See Lockwood v. Auto. Fin. Corp.*, No. C.A. 04-0128 E, 2005 WL 2107165, at *2 (W.D. Pa. Aug. 30, 2005) ("Without solidifying subject matter jurisdiction at the time of removal, the plaintiff would be able to thwart federal

5

jurisdiction by reducing the prayer for relief."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) ("[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."); 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

But this is so because, as discussed, removability is determined "at the time of removal," *Phillips*, 157 F. Supp. 2d at 424–25, rather than based on subsequently filed or amended pleadings. A different analysis applies where, as here, a plaintiff has *not* amended its complaint but, instead, voluntarily dismissed its complaint under Fed. R. Civ. P. 41(a)(1) and then filed an entirely new lawsuit omitting previously asserted federal claims.

Indeed, "[a]lthough forum-shopping is not a trivial concern, Rule 41(a)(1) essentially permits forum shopping." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 (5th Cir. 2016) (internal quotation marks omitted). "Up to the 'point of no return,' dismissal [under Rule 41(a)(1)(A)(i)] is automatic and immediate—the right of a plaintiff is 'unfettered'[.]" *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008). Thus, "[a] timely notice of voluntary dismissal invites no response from the district court and permits no interference by it." *Id.* And "the effect of a Rule 41(a)(1) dismissal is to put the plaintiff in a legal position as if he had never brought the first suit." *Bechuck*, 814 F.3d at 293.

As a result, "[i]t is not uncommon for plaintiffs to use voluntary dismissal to secure their preferred forum, such as when they seek to undo removal and return to state court." *Bechuck*, 814 F.3d at 293 (internal quotation marks omitted). But while such tactics may "seem distasteful to opposing parties," a defendant who wishes to prevent a plaintiff from invoking its "unfettered right" to dismissal under Rule 41 "may do so by taking the simple step of filing an answer" prior to removal. *Id.; see also In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d at 166 ("Rule 41 may permit a strategic advantage for a plaintiff: if prospects for prevailing on the merits appear dim, the plaintiff can obtain a dismissal without prejudice after imposing high costs on defendants and judges. But the drafters of Rule 41 provided for only two responses—answer and motion for summary judgment—as 'point[s] of no return.'").

Rule 41 is also not devoid of other "mechanisms to prevent forum-shopping." *Bechuck*, 814 F.3d at 293. Specifically, Rule 41(a)(1)(B) provides that a second voluntary dismissal under Rule 41(a)(1) operates as an adjudication on the merits. Additionally, because dismissal under Rule 41(a)(1)(A)(i) must occur early in litigation—before a defendant files an answer—any "concerns about having the same court adjudicate a refiling because of its past expertise with the parties are diminished." *Id.* at 294 n. 8.

Thus, the Court cannot conclude that Hyundai's timely dismissal and re-filing of its complaint was manipulative or improper in any way which would preclude remand, even if Hyundai's dismissal was calculated to thwart removal. At this juncture, "the Court must examine whether jurisdiction exists based on the claims raised in *this* [complaint] filed for this case in

6

state court." *Klein v. Lewis Title Ins. Co., Inc.*, No. CV 17-2205, 2017 WL 2889370, at *7 (E.D. La. July 7, 2017) (emphasis original). Of course, if Hyundai later re-asserts federal claims, Defendants can simply "remove the case as it then exists and designate it as the same case or as a related case, as appropriate under the circumstances." *Marinkovic*, No. 2:16-CV-292, 2017 WL 1134566, at *8. If it does not, there is no federal question to adjudicate and the case can proceed in state court. "In either event," Defendants' "right of removal based on federal question jurisdiction will be protected adequately." *Id.*

Next, Defendants also appear to argue—for the first time in their sur-reply—that Hyundai's claims may "arise under" federal law because the recall campaign Defendants allegedly exploited resulted from a settlement agreement in an unrelated federal lawsuit. Defendants argue that this allows the Court to exercise federal question jurisdiction because "the entire case will turn on the national Recall campaign and the requirements thereof." [ECF 16-1 at p. 3]. This is not so.

As Defendants acknowledge, a claim typically "arises under" federal law only "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013); *see American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action"). "[T]his 'creation' test admits of only extremely rare exceptions." *Gunn*, 568 U.S. at 257. And while Defendants argue that this case falls within the "special and small category" of cases in which federal question jurisdiction can exist over state law causes of action, it clearly does not. *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 413 (3d Cir. 2015).

For the narrow exception referenced by Defendants to apply, a state law claim must, among several other things, "necessarily raise a stated federal issue." *Id.* at 412–13. This means that "an element of the state law claim requires construction of federal law." *Id.*; *see also Manning*, 772 F.3d at 163 ("For a federal issue to be necessarily raised, 'vindication of a right under state law [must] necessarily turn[ ] on some construction of federal law.'").

Defendants' argument is that Hyundai's state law claims arise from federal law because they will require "interpretation of the Recall campaign" and perhaps the "federal settlement that led to the Recall." [ECF 16-1 at pp. 3-4]. But "[a] settlement agreement is a contract and is interpreted according to local law." *Wilcher v. City of Wilmington*, 139 F.3d 366, 372 (3d Cir. 1998). Indeed, "[e]nforcement of [a] settlement agreement [in a federal lawsuit] is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).[2]

More to the point, a settlement agreement is not "federal law," or any other sort of law for that matter. "Congress did not enact it. The executive branch did not promulgate it pursuant to a statutory delegation from Congress." *Hernandez Culajay v. McAleenan*, No. 5:19-CV-03204-JDW, 2019 WL 3889737, at *5 (E.D. Pa. Aug. 19, 2019); *see, e.g. id.* ("Plaintiffs asserted

---

[2] *i.e.* a settlement provision or court order "retaining jurisdiction" or "incorporating the terms of the settlement agreement into the order." *Kokkonen*, 511 U.S. at 381. "In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Id.*

that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to hear claims about the Flores Settlement. … The Flores Settlement is not a 'law[ ] … [of] the United States.'"); *Boutwell v. Walker*, No. 2:13CV170-MHT, 2013 WL 1331670, at *5 (M.D. Ala. Apr. 2, 2013) ("Plaintiffs are merely alleging that the Defendants are in violation of the bankruptcy court's consent order, which they seek to enforce. … The complaint alleges no cause of action founded on federal constitutional or statutory law."). And of course, a recall campaign *based on* a settlement agreement in a federal lawsuit is even further removed from anything that could reasonably be called "federal law."

As a result, federal question jurisdiction cannot support Defendants' removal of this case. Hyundai's claims do not "requir[e] construction of federal law" and thus do not "arise under" federal law (even if adjudicating those claims might require interpretation of a settlement agreement from a federal lawsuit). The Court has no doubt that if the settlement agreement or terms of the related recall are relevant, the Pennsylvania state courts will construe them ably.

Having found that this Court cannot exercise either diversity jurisdiction or federal question jurisdiction over Hyundai's claims, the Court will grant Hyundai's motion to remand.

Defendants alternatively request that the Court sever their counterclaims and stay remand of those claims only, to allow Defendants to "amend" them into a complaint. The Court denies this request because there is no legal basis for it, and because the Court sees no benefit in unduly multiplying these proceedings. Additionally, "staying the remand order" with respect to any aspect of this case "would be in tension with the longstanding doctrine that federal courts should interpret removal statutes with due regard for the rightful independence of state governments to provide for the determination of controversies in their courts." *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 524 (E.D. Pa. 2013) (internal quotation marks omitted).

**C. The Court declines to award fees and costs pursuant to 28 U.S.C. § 1447(c).**

In its reply, Hyundai requests that the Court award Hyundai its reasonable attorneys' fees incurred in connection with Defendants' "improper removal" of this case [ECF 15 at ¶¶ 8, 12]. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he resolution of a motion to grant attorney fees in connection with improper removal of a state court action to federal court is a matter committed to the sound discretion of the district court." *Giangrante v. Varallo*, 153 F. App'x 814, 815 (3d Cir. 2005).

Yet while "the text of [Section 1447(c)] does not specify any limits upon the district courts' discretion to allow or disallow fees, in a system of laws discretion is rarely without limits." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

"In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* "The appropriate test for

awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

In this case, the question of whether to award fees and costs is a close one. Defendants' asserted bases for removal are thin. Even so, the Court will exercise its discretion to decline to award fees.

Of particular relevance, the Court notes that diversity jurisdiction would properly exist if this case had been filed in federal court (rather than removed), and that the forum defendant rule is procedural, rather than jurisdictional. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("This Court has long held that the forum defendant rule is procedural rather than jurisdictional, except where 'the case could not initially have been filed in federal court.'"). Under these circumstances, the rule is waivable if it is not affirmatively invoked by the plaintiff. Additionally, the fact that Hyundai's original complaint contained federal RICO claims makes Defendants' argument regarding forum shopping non-frivolous.

Thus, the Court cannot say removal here was wholly frivolous or unreasonable to warrant an award of attorneys' fees. *C.f. Ford v. Temple Hosp.*, 790 F.2d 342, 349 (3d Cir. 1986) ("In the real world of litigation, counsel are not expected to be omniscient. No one knows for certain whether a potential affirmative defense will be in fact pled. The law books are replete with decisions where counsel has failed to file an affirmative defense or failed to file it timely. … In this case, Klein was not bound to assume that his potential adversaries would plead the defense or that by their conduct they might not in some way waive the defense.").

Accordingly, absent evidence that Defendants removed this case to prolong litigation or impose costs on Hyundai, rather than to secure a federal forum, the Court finds that there was enough (perhaps barely enough) basis for removal to justify declining to impose fees and costs. *See Dietz v. Avco Corp.*, 168 F. Supp. 3d 747, 759 (E.D. Pa. 2016) (declining to impose fees on defendant despite finding that "removal of this action unquestionably violated the forum defendant rule," absent showing "that [the defendants] were attempting to prolong this litigation or to impose costs on the plaintiffs[.]").

## II.    Conclusion

For all the reasons discussed above, the Court will grant Hyundai's motion and remand this case to the Court of Common Pleas of Allegheny County for all further proceedings. The Court denies Hyundai's request for an award of fees and costs pursuant to 28 U.S.C. § 1447(c).

A corresponding order follows.

DATED this 28th day of October, 2019.

              BY THE COURT:

              */s/ J. Nicholas Ranjan*
              United States District Judge